```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


WILLIE E. YOUNG                                        PLAINTIFF

VS.                         CIVIL ACTION NO. 5:07-cv-211(DCB)(JMR)

COOPER LIGHTING, INC.                                  DEFENDANT
```

                     MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Cooper Lighting, Inc.'s motion for judgment on the pleadings **(docket entry 14)**. Having carefully considered the motion and response, the memoranda and case law, and being otherwise fully advised in the premises, the Court finds as follows:

In his complaint, the plaintiff, Willie E. Young, seeks to recover from the defendant for discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., for his termination from employment which occurred on or about February 23, 2007. The defendant, Cooper Lighting, Inc., moves pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings, asserting:

(1) that although the plaintiff refers generally to "unlawful employment practices on the basis of race" in the prefatory paragraph of his complaint, he makes no factual allegation whatsoever of discriminatory conduct based on race in his complaint;

(2) that the plaintiff does not allege that he has a disability, thus the ADA does not require reasonable accommodation by the defendant; and

(3) that any claim under the ADA for discrimination on the basis of the plaintiff's association with his disabled spouse must fail because he concedes that his absences and tardiness resulted in his termination.

The plaintiff admits the first and second assertions, and concedes that judgment on the pleadings is proper as to his Title VII claim and any claim under the ADA for failure to provide reasonable accommodation.  The plaintiff contends, however, that his claim for discrimination based on association with a person with a disability must survive the defendant's Rule 12(c) motion.

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss.  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  Id. (internal quotations omitted).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

Id. at 1965 (citation and footnote omitted).

>Pursuant to 42 U.S.C. § 12112(b)(4), an employer may not:
>
>exclud[e] or otherwise den[y] equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

Where no direct evidence of discrimination is presented, a plaintiff bears the burden of establishing a prima facie case by proving that (1) he was "qualified" for the position; (2) he was subjected to an adverse employment action; (3) he was known by his employer at the time to have a relative or associate with a disability; and (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision.  Hilburn v. Murata Electronics North Am., Inc., 181 F.3d 1220, 1230-31 (11th Cir. 1999); Den Hartog v. Wasatch Academy, 129 F.3d 1076, 1085 (10th Cir. 1997).

The Court notes that this case is not at the summary judgment stage, and that all that is required of the plaintiff is that he plead "enough facts to state a claim to relief that is plausible on its face."  The plaintiff's complaint alleges that he has worked for the defendant since 1994.  Complaint, ¶ 3.  His wife, Sherry M. Young, has been diagnosed with terminal bone cancer, and he is her primary caretaker.  Complaint, ¶¶ 9-10.  He alleges that the defendant was aware of his association with his disabled wife.  Complaint, ¶ 11.  He also alleges that he was terminated "because

of his association with an individual with a disability." Complaint, ¶ 16.

The Interpretative guidelines to the ADA provide that an employer may not make decisions based on the "belief that the employee would have to miss work in order to take care of a disabled person." Tyndall v. National Educ. Centers, Inc. of Calif., 31 F.3d 209, 214 (4th Cir. 1994); 29 C.F.R. § 1630, App. (1996). However, the ADA does not require an employer to restructure an employee's work schedule to enable the employee to care for a relative with a disability. Id.; 29 C.F.R. § 1630. "Thus, if an employee's termination is not based on any assumption regarding future absences related to their relative's care but is instead the result of a record of past absences and/or clear indication that additional time off will be needed in the future, no ADA violation has occurred." Reddinger v. Hospital Central Services, Inc., 4 F.Supp.2d 405 (E.D. Pa. 1998)(citations omitted).

The defendant asserts that Young has failed to plead an ADA associational discrimination claim because he admits that his termination "came about based on a record of past absences, not an unfounded assumption regarding his future need for time off." Def. Mem., p. 6. However, the complaint states that "Mr. Young was told by his supervisor Cathy Rodgers that he was being terminated because of tardiness and days missed." (Complaint, ¶ 14). This does not amount to an admission that his employer's stated reason

was the real reason for his termination.  The plaintiff maintains that his wife's disability was itself a determining factor in his employer's decision.  Pl. Mem., p. 10; Complaint, ¶ 16.  He also alleges that the defendant terminated him "[b]ecause of the unpredictable consequences associated with his wife's failing health."  Complaint, ¶ 15.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  "Because a Rule 12(c) motion seeks to determine the merits of the controversy and reach judgment in the case, the court should be reluctant to grant the motion unless it is clear the merits of the claim can be fairly decided summarily."  Abbott Laboratories v. NutraMax Products, Inc., 844 F.Supp. 443, 445 (N.D. Ill. 1994).  "A defendant cannot succeed on a motion under Rule 12(c) if there are allegations in plaintiff's pleadings that, if proved, would permit recovery."  Minnesota Mut. Life Ins. Co. v. Starkman, 1996 WL 450704 (N.D. Ill. Aug. 8, 1996)(citation omitted).  Reviewing Young's complaint in light of the foregoing principals, the Court finds that the plaintiff's allegations are sufficient to state a claim for association discrimination under the ADA.

The Court therefore finds that the defendant's motion is well taken as to the plaintiff's Title VII claim and the plaintiff's ADA claim for failure to make reasonable accommodation. The defendant's motion is not well taken as to the plaintiff's ADA claim for association discrimination. Accordingly,

IT IS HEREBY ORDERED that the defendant Cooper Lighting, Inc.'s motion for judgment on the pleadings **(docket entry 14)** is GRANTED IN PART AND DENIED IN PART as follows:

GRANTED as to the plaintiff's Title VII claim and the plaintiff's ADA claim for failure to make reasonable accommodation;

DENIED as to the plaintiff's ADA claim for association discrimination.

SO ORDERED, this the 1st day of October, 2008.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE